IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBIN CUNNINGHAM,<br><br>        Plaintiff,<br><br>        v.<br><br>M.B. MIRABELLI # 14191, E.S. BIKULCIUS<br># 4006, and the CITY OF CHICAGO,<br><br>        Defendants. | PH    **FILED**<br>**DECEMBER 28, 2007**<br>MICHAEL W. DOBBINS<br>CLERK, U.S. DISTRICT COURT<br><br>No.    **08 C 2**<br><br>**JUDGE CONLON**<br>**MAGISTRATE JUDGE COLE** |

**COMPLAINT AT LAW**

NOW COMES the PLAINTIFF, by and through the LAW OFFICES OF BLAKE

HORWITZ, LTD., and pursuant to this Complaint at Law, states the following against the above

named Defendants, to wit M.B. MIRABELLI # 14191, E.S. BIKULCIUS # 4006 (hereinafter,

the "DEFENDANT OFFICERS"), and the CITY OF CHICAGO.

**JURISDICTION**

1.      The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §

1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and

this Court's supplementary jurisdiction powers.

**PARTIES**

2.       PLAINTIFF a resident of the State of Ohio and of the United States.

3.      The DEFENDANT OFFICERS at all times relevant hereto employed by and acting on

behalf of the CITY OF CHICAGO.

4.      The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the other officers and/or employees referred to in this Complaint.  At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

## FACTS

5.      On or about June 8, 2007, some or all of the DEFENDANT OFFICERS engaged in an unreasonable seizure of the PLAINTIFF.  This conduct violated the Fourth Amendment to the United States Constitution.

6.      On or about June 8, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

7.      The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

8.      The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that  PLAINTIFF had committed criminal activity of any sort.  The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

9.      On June 8, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

10.      As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

11.    On or about June 8, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officer for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty.  This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

12.    Upon information and belief, M.B. MIRABELLI # 14191, on June 8, 2007, came into physical contact with PLAINTIFF.

13.    Upon information and belief, E.S. BIKULCIUS # 4006, on June 8, 2007, came into physical contact with PLAINTIFF.

### CONSPIRACY

14.    Some or all of the DEFENDANT OFFICERS conspired to cause damage to  in the following manner:

    a.  agreeing to falsely arrest and/or falsely institute criminal
        charges/proceedings against the ;

    b.  using excessive force and/or failing to intervene in the use
        of excessive force against the ;

    c.  agreeing not to report each other after witnessing and/or
        using excessive force relative to the ;

    d.  agreeing not to report each other after falsely arresting
        and/or charging ;

    e.  generating false documentation to cover-up for their own
        and each other's misconduct;

15.    In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about June 8, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above.  As a result of this conspiracy, the DEFENDANT OFFICERS by

and through their conduct, proximately caused PLAINTIFF to, *inter alia*, suffer injury, be

charged with criminal allegations, incur financial loss, including attorney's fees, and suffer

emotionally.

## COUNT I
### §1983 Excessive Force

16.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

17.     The actions, and/or the failure to intervene in the actions, of the DEFENDANT

OFFICERS amounted to an excessive use of force onto PLAINTIFF.  This conduct violates the

Fourth Amendment of the United States Constitution.

18.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court

deems equitable and just.

## COUNT II
### §1983 False Arrest

19.      PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

20.     The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF

without probable cause to believe that PLAINTIFF had committed criminal activity.  Therefore,

the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the

United States Constitution.

21.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and

proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT III
## False Arrest –State Claim

22.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

23.    The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity.  The conduct of the DEFENDANT OFFICERS was in violation of the Constitution to the State of Illinois as well as common law.

24.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court deems equitable and just.

## COUNT IV
## § 1983 Conspiracy Claim

25.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

26.    The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court

deems equitable and just.

## COUNT V
### Conspiracy Claim – State Law

27.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

28.    The aforementioned actions were the direct and proximate cause of the violations of the

Constitution of the State of Illinois and common law.

WHEREFORE, PLAINTIFF demands compensatory damages from the DEFENDANT

OFFICERS.  PLAINTIFF also demands punitive damages, costs and attorney's fees against the

DEFENDANT OFFICERS.  PLAINTIFF also demands whatever additional relief this Court

deems equitable and just.

## COUNT VI
### {745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

29.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

30.    Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS

alleged above.

31.    The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law

and in the scope of employment of the CITY OF CHICAGO.

WHEREFORE, should the DEFENDANT OFFICERS be found liable for any of the

alleged counts in this cause,  PLAINTIFF demands that, pursuant to 745 ILCS 10/9-102, the

CITY OF CHICAGO pay PLAINTIFF any judgment obtained against the DEFENDANT  as a

result of this complaint.

## COUNT VII
### Supplementary Claim for *Respondeat Superior*

32.    PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

6

33.    The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE should the DEFENDANT OFFICERS be found liable for any state claims alleged herein, PLAINTIFF demands judgment against the CITY OF CHICAGO and such other additional relief, as this Court deems equitable and just.

**Plaintiff demands trial by jury.**

Respectfully submitted,


s/Blake Horwitz_____
Attorney for the Plaintiff
Blake Horwitz



**THE LAW OFFICES OF BLAKE HORWITZ, LTD.**
155 N. Michigan Ave., Suite 723
Chicago, IL  60601
(312) 616-4433
(312) 565-7173 (Fax)