UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN CUNNINGHAM | ) | |
| | ) | |
| Plaintiff | ) | Case No. 08 C 2 |
| | ) | |
| v. | ) | Judge Conlon |
| M.B. MIRABELLI # 14191, | ) | |
| E.S. BIKULCIUS # 4006, and the | ) | Magistrate Judge Cole |
| CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | Jury Trial Demanded |

## DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendants Mark Mirabelli, Eugene Bikulcius (together "Individual Defendants"), and the City of Chicago (collectively "Defendants"), by and through their attorneys, Shneur Z. Nathan and Marc J. Boxerman, hereby submit the foregoing Answer to Plaintiff's Complaint:

### JURISDICTION

1. The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. § 1331 and § 1343 (a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

**ANSWER:** **Defendants admit that Plaintiff purports to bring a civil rights action and that jurisdiction is proper, but deny that 42 U.S.C. § 1983 provides Plaintiff with a direct cause of action.**

### PARTIES

2. PLAINTIFF is a resident of the State of Ohio and of the United States.

**ANSWER:** **Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations of the above paragraph.**

1

3. The DEFENDANT OFFICERS at all times relevant hereto employed by and acting on behalf of the CITY OF CHICAGO.

**ANSWER:   Defendants admit the allegations of the above paragraph.**

4. The CITY OF CHICAGO is a duly incorporated municipal corporation and is the employer and principal of the DEFENDANT OFFICERS as well as the officers and/or employees referred to in this Complaint. At all times material to this complaint, the DEFENDANT OFFICERS were acting under color of state law, ordinance and/or regulation, statutes, custom and usages of the CITY OF CHICAGO.

**ANSWER:   Defendants admit the allegations of the above paragraph.**

5. On or about June 8, 2007, some or all of the DEFENDANT OFFICERS engaged in an unreasonable seizure of the PLAINTIFF. This conduct violated the Fourth Amendment to the United States Constitution.

**ANSWER:   Defendants deny the allegations of the above paragraph.**

6. On or about June 8, 2007, PLAINTIFF did not obstruct justice, resist arrest and/or batter and/or assault any of the DEFENDANT OFFICERS.

**ANSWER:   Defendants admit the allegations of the above paragraph. Answering further, at the time of her arrest, Plaintiff was verbally abusive and uncooperative.**

7. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFF.

**ANSWER:   Defendants deny the allegations of the above paragraph.**

8. The DEFENDANT OFFICERS charged and/or participated in the charging of PLAINTIFF with criminal activity, and arrested, participated in the arrest and/or failed to prevent the arrest of the PLAINTIFF notwithstanding the fact that the

DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFF.

**ANSWER:   Defendants deny that they did not have probable cause to arrest Plaintiff, but admit that Defendants Mirabelli and Bikulcius participated in the charging of Plaintiff with criminal activity.**

9.   On June 8, 2007, PLAINTIFF had not committed an act contrary to the laws of the State of Illinois.

**ANSWER:   Defendants deny the allegations of the above paragraph.**

10.   As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFF was caused to suffer damages.

**ANSWER:   Defendants deny the allegations of the above paragraph.**

11.   On or about June 8, 2007, the DEFENDANT OFFICERS were on duty at all times relevant to this complaint and were duly appointed police officer for the CITY OF CHICAGO. The DEFENDANT OFFICERS engaged in the conduct complained of, on said date, in the course and scope of employment and while on duty. This action is being brought with regard to the individual capacity of the DEFENDANT OFFICERS.

**ANSWER:   Defendants deny any wrongdoing, but admit the remaining allegations of the above paragraph.**

12.   Upon information and belief, M.B. MIRABELLI #14191, on June 8, 2007, came into physical contact with PLAINTIFF.

**ANSWER:   Defendants deny the allegations of the above paragraph.**

13.   Upon information and belief, E.S. BIKULCIUS #4006, on June 8, 2007, came into physical contact with PLAINTIFF.

**ANSWER:   Defendants admit the allegations of the above paragraph.**

## CONSPIRACY

14. Some or all of the DEFENDANT OFFICERS conspired to cause damage to in the following manner:

   a. agreeing to falsely arrest and/or falsely institute criminal charges /proceedings against the ;

   b. using excessive force and/or failing to intervene in the use of excessive force against the ;

   c. agreeing not to report each other after witnessing and/or using excessive force relative to the ;

   d. agreeing not to report each other after falsely arresting and/or charging ;

   e. generating false documentation to cover-up for their own and each other's misconduct;

**ANSWER:** **Defendants deny the allegations of the above paragraph and each of its sub-parts.**

15. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about June 8, 2007, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFF to *inter alia*, suffer injury, be charged with criminal allegations, incur financial loss, including attorney's fees, and suffer emotionally.

**ANSWER:** **Defendants deny the allegations of the above paragraph.**

## COUNT I
## §1983 Excessive Force

16. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

**ANSWER:** **Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

4

17. The actions and/or the failure to intervene in the actions, of the DEFENDANT OFFICERS amounted to an excessive use of force onto PLAINTIFF. This conduct violates the Fourth Amendment of the United States Constitution.

**ANSWER:** **Defendants deny the allegations of the above paragraph.**

18. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

**ANSWER:** **Defendants deny the allegations of the above paragraph.**

## COUNT II
### §1983 False Arrest

19. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

**ANSWER:** **Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

20. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFF without probable cause to believe that PLAINTIFF had committed criminal activity. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment of the United States Constitution.

**ANSWER:** **Defendants deny the allegations of the above paragraph.**

21. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

**ANSWER:** **Defendants deny the allegations of the above paragraph.**

## COUNT III
### False Arrest – State Claim

22. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

**ANSWER:** **Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

23.     The DEFENDANT OFFICERS arrested PLAINTIFF without probable cause to believe that PLAINTIFF committed criminal activity. The conduct of the DEFENDANT OFFICERS was in violation of the Constitution of the State of Illinois as well as common law.

**ANSWER:     Defendants deny the allegations of the above paragraph.**

24.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations set forth above.

**ANSWER:     Defendants deny the allegations of the above paragraph.**

## COUNT IV
### §1983 Conspiracy Claim

25.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

**ANSWER:     Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

26.     The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the violations of the United States Constitution, *inter alia* the Fourth Amendment.

**ANSWER:     Defendants deny the allegations of the above paragraph.**

## COUNT V
### Conspiracy Claim – State Law

27.     PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

**ANSWER:     Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

28.     The aforementioned actions were the direct and proximate cause of the Constitution of the State of Illinois and common law.

**ANSWER:     Defendants deny the allegations of the above paragraph.**

## COUNT VI
### {745 ILCS 10/9-102 Claim Against the CITY OF CHICAGO

29. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

**ANSWER:  Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

30. Defendant CITY OF CHICAGO is the employer of the DEFENDANT OFFICERS alleged above.

**ANSWER:  Defendants admit the allegations of the above paragraph.**

31. The DEFENDANT OFFICERS, as alleged above, committed the acts under color of law and in the scope of employment of the CITY OF CHICAGO.

**ANSWER:  Defendants deny committing any wrongdoing, but admit the remaining allegations of the above paragraph.**

## COUNT III
### Supplementary Claim for *Respondeat Superior*

32. PLAINTIFF re-alleges paragraphs 1 – 15 as though fully set forth herein.

**ANSWER:  Defendants reassert their answers contained in all preceding paragraphs and incorporate their answers herein, as though fully stated.**

33. The aforesaid acts of the DEFENDANT OFFICERS were in the scope of employment and therefore the Defendant CITY OF CHICAGO, as principal, is liable for the actions of its agents under the doctrine of *respondeat superior*.

**ANSWER:  Defendants deny committing any wrongdoing, but admit the remaining allegations of the above paragraph.**

WHEREFORE, Defendants pray that this Court enter judgment in their favor on Plaintiff's Complaint, award Defendants such fees and costs as allowed by law, and grant such further relief as this Court deems just, fair, and proper.

**AFFIRMATIVE DEFENSES**

1. Individual Defendants are entitled to qualified immunity. Individual Defendants are governmental officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Individual Defendants could have believed their actions to be lawful, in light of clearly established law and the information the Individual Defendants possessed. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

2. As to all state law counts, under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because the decision to arrest and respond with reasonable force against Plaintiff's unlawful resisting of arrest, based upon the information and circumstances known to Individual Defendants at the time, was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201 (2002).

3. Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because public employees are not liable for their acts or omission in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 745 ILCS 10/2-202 (2002).

4. Under the Illinois Tort Immunity Act, Individual Defendants are not liable for any of the claims alleged because they were public employees acting within the scope of their employment, and as such, are not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

5. The City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (1994).

6. To the extent any employee or agent of the City of Chicago was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (1994).

7. At the time of the actions alleged in Plaintiff's Complaint, 735 ILCS 5/2-1116 (1992) was in effect and reduces Plaintiff's recovery according to his contributory negligence and bars his recovery entirely when he is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

8. To the extent plaintiff failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to plaintiff by the jury in this case.

## JURY DEMAND

**Defendants demand trial by jury.**

Respectfully submitted,

/s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Assistant Corp. Counsel

Shneur Z. Nathan
Marc. J. Boxerman
30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842/744-7684
shneur.nathan@cityofchicago.org
mboxerman@cityofchicago.org
Atty. No. 6294495/6215790

**CERTIFICATE OF SERVICE**

      I, Shneur Z. Nathan, an attorney, hereby certify that on March4, 2008, I caused Defendants' Joint Answer to Plaintiff's Complaint, Affirmative Defenses and Jury Demand to be served upon all counsel of record by filing the same before the Court via the ECF system.

                                      /s/ Shneur Z. Nathan_____
                                          Shneur Z. Nathan